

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2007

# Hamm v. Rendell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1846

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hamm v. Rendell" (2007). *2007 Decisions.* Paper 545.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/545

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-1846

———————

ANCELL HAMM,
                                                Appellant

v.

EDWARD RENDELL, Governor of Pennsylvania;
MICHAEL FISHER, Attorney General of Pennsylvania;
JEFFREY BEARD, Secretary of Corrections;
NEAL MECHLING, Superintendent at SCI-Pittsburgh, on June 27, 2003;
CO-I YONLISKY, SCI-Pittsburgh; CO-I GEORGE, SCI-Pittsburgh;
CO-I PEER, SCI-Pittsburgh; LIEUTENANT BLAKEY, SCI-Pittsburgh;
CO-IV TEETER, SCI-Pittsburgh;
WILLIAM STICKMAN, Superintendent at SCI-Pittsburgh;
CO-II SERGEANT COOPER, SCI-Pittsburgh; CO-IV CAPTAIN COLEMAN;
SHELLY MANKEY, SCI-Pittsburgh;
JAMES META, Food Services Manager, SCI-Pittsburgh;
ROBERT S. BITNER, Chief Hearing Examiner for P.A. Corrections;
TONYA EDWARDS, Mailroom Department Supervisor, SCI-Pittsburgh

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 03-cv-01770
(Honorable Gary L. Lancaster)

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 13, 2007

Before:  SCIRICA, Chief Judge, FUENTES and SMITH, Circuit Judges

(Filed : August 23, 2007)

PER CURIAM.

Appellant Ancell Hamm, a Pennsylvania state prisoner, filed a civil rights action in United States District Court for the Western District of Pennsylvania against sixteen defendants, all of whom were state government officials and/or Pennsylvania Department of Corrections employees. Hamm claimed that the defendants violated his First Amendment rights by denying him access to three firearms publications: *Ruger Firearms Catalog, Ammunition Manufacturers Product & Service Directory,* and *Karl Zeiss Optikal Catalogue* (depicting Zeiss Riflescopes), and otherwise violated his constitutional rights. The District Court dismissed the complaint under 28 U.S.C. § 1915A and Hamm appealed. We affirmed in part, and vacated and remanded in part, directing the District Court to consider Hamm's claims concerning restrictions on both incoming and outgoing mail, and his claimed denial of due process during a misconduct hearing. We noted, however, that the court need not reach the merits of these issues if Hamm had failed to exhaust his administrative remedies.

On remand, the defendants filed a motion for summary judgment, in which they argued that Hamm did not present his grievances through final review as required by the Department of Corrections ("DOC") process and 42 U.S.C. § 1997e(a). In support of their argument they attached relevant documentation, including copies of the grievances filed by Hamm. Hamm opposed the motion for summary judgment in writing, but he

made no argument with respect to the exhaustion question. Instead, he raised a new issue not addressed in his 2003 complaint that the prison librarian had improperly denied a request for reading materials in December 2006. The Magistrate Judge recommended that the defendants' motion for summary judgment be granted, and, in an order entered on February 28, 2007, the District Court did just that, adopting the Report and Recommendation as the opinion of the court. Judgment was entered in favor of the defendants and against Hamm.[1] The District Court denied a timely motion for reconsideration in an order entered on March 11, 2007.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary and we must affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Federal Rule of Civil Procedure 56(e), concerning the requirements for opposing a motion for summary judgment, provides that Hamm, as an adverse party, "may not rest upon the mere allegations or denials of [his] pleading, but [his] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." We conclude that summary judgment was proper for the reasons given by the Magistrate Judge.

_____

[1] Hamm filed his own motion for summary judgment, which was denied.

A prisoner must exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to bringing suit. See Booth v. Churner, 532 U.S. 731 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The three steps in the Pennsylvania grievance process are (1) Initial Review pursuant to DC-ADM-804 Part VI.B of the inmate's filed grievance; (2) the first appeal from the Initial Review, or Appeal to Facility Manager pursuant to DC-ADM-804 Part VI.C; and (3) a final appeal, the Appeal to the Secretary's Office of Inmate Grievances and Appeals pursuant to DC-ADM-804 Part VI.D. Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). A prisoner's failure to substantially comply with the procedural requirements of the prison's grievance system will result in a procedural default of the issue and effectively bar the prisoner from bringing his claim in federal court. Id. at 231.

As explained by the Magistrate Judge, the defendants presented evidence which showed that the only grievance Hamm filed and exhausted through the final level of review related to a publication that was not included in his Complaint, *The World's Greatest Handguns*, and thus is not part of his lawsuit. As to his incoming and outgoing mail, the documentation concerning Hamm's grievance history establishes, in the absence of any rebuttal evidence (and he offered none in the district court nor has he discussed any in his brief on appeal), that the claims raised in his Complaint were not grieved prior to the suit being filed as required by section 1997e(a). Specifically as to his misconduct

4

for possession of contraband, the documentation establishes that he went through all three stages of the DOC process, <u>Spruill</u>, 372 F.3d at 232, but, because he refused initially to attend his misconduct hearing, his appeals at all levels were deemed waived.[2]  A failure to meaningfully participate in the process available to a prisoner to grieve a misconduct – and a flat refusal to attend one's misconduct hearing is such a failure – bars a prisoner from bringing his claim in federal court under 42 U.S.C. § 1997e(a).  It prevents officials from having an opportunity to correct problems in their prisons – a recognized purpose of the exhaustion requirement.  See <u>Porter</u>, 534 U.S. at 524-25.

We will affirm the orders of the District Court granting summary judgment to the defendants and denying Hamm's motion for reconsideration.

---

[2] At the final level of review, the Chief Hearing Examiner wrote:

> On review of the record of the hearing, it is noted that you refused to attend the misconduct hearing to refute any of the facts presented in the misconduct report.  Having refused to attend your hearing, you have waived your opportunity to be heard and cannot appeal contesting that the evidence is insufficient to support the charge or charges.  The hearing was conducted in accordance with the provisions of DC-ADM 801.  On review, this office finds no record of procedural error.

(Letter to Ancil Hamm from Robert S. Bitner, dated August 11, 2003.)

5